FILED
2026 Oct-13 PM 01:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| BERNARD JEMISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:26-cv-00528-EGL-SGC |
| | ) | |
| JOHN HAMM, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Bernard Jemison, proceeding *pro se*, initiated this action by filing a handwritten complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Jemison names the following defendants: Commissioner John Hamm, Deputy Commissioner Ellington, Warden Smith, Captain Edmonds, Lieutenant Harris, Sergeant White, and Sergent Underwood. (*Id.*; *see* Docs. 3, 7). Jemison has also filed a motion for temporary injunctive relief, asking the court to order the defendants to provide him and other inmates in the segregation units at Donaldson Correctional Facility with electronic tablets so they may communicate with their families. (Doc. 4).

When Jemison filed his complaint, he resided at Donaldson. (Doc. 1 at 1). He has since been transferred to Fountain Correctional Facility. (Doc. 5). Because Jemison no longer resides at Donaldson, the court cannot provide him the relief he

seeks in his motion.[1] A "prisoner's transfer . . . from a correctional facility generally will moot his claims for injunctive relief in a § 1983 action. Further, there will be no case or controversy when the chance of a prisoner's return to the offending facility is too speculative." *Owens v. Centurion Med.*, 778 F. App'x 754, 758 (11th Cir. 2019) (internal citations and quotations omitted); *see also Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects.").

Given that Jemison was transferred from Donaldson to Fountain, where he remains detained, his request for injunctive relief is moot.[2] Accordingly, the undersigned **RECOMMENDS** the court **DENY** Jemison's motion for temporary injunctive relief. (Doc. 4).

## NOTICE OF RIGHT TO OBJECT

The plaintiff may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within **14 days.** *See* 28 U.S.C. §§ 636(b)(1)(B), (C); FED. R. CIV. P. 72(b)(2). The plaintiff

[1] To the extent Jemison seeks the same injunctive relief for other inmates in the segregation units at Donaldson Correctional Facility, he cannot do so because a *pro se* plaintiff may not seek relief on behalf of other individuals. *See, e.g., Johnson v.* Brown, 581 F. App'x 777, 781 (11th Cir. 2014) (citing *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008), which explained that 28 U.S.C. § 1654, the statute permitting parties to proceed *pro* se, grants "a personal right that does not extend to the representation of the interests of others").

[2] *See* https://www.doc.alabama.gov/inmate/inmate-detail/00179080-3/, *last accessed* Oct. 1, 2026.

must identify every objectionable finding of fact or recommendation and state the specific basis for every objection. The plaintiff also must identify every claim in the complaint that the report and recommendation has not addressed. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

A plaintiff who fails to object to factual or legal conclusions in the Magistrate Judge's report and recommendation waives the right to challenge on appeal those same conclusions adopted in the District Judge's order. Without a proper objection, however, the court on appeal may review the unobjected-to factual and legal conclusions for plain error if necessary in the interests of justice. 11th Cir. R. 3-1.

After receiving the plaintiff's objections, a District Judge will conduct a *de novo* review of the relevant portions of the report and recommendation and may accept, reject, or modify in whole or in part the Magistrate Judge's findings of fact and recommendations. The District Judge also may refer this action back to the Magistrate Judge with instructions for further proceedings.

The plaintiff may not appeal the Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may appeal only from a final judgment entered by a District Judge.

**DONE** this 13th day of October, 2026.

Staci G. Cornelius
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE